

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 24482847**
**Date Processed: 02/16/2022**

| | |
|---|---|
| **Primary Contact:** | Melanie Martin<br>Res-Care, Inc. d/b/a Brightspring Health Services<br>805 N Whittington Pkwy<br>Louisville, KY 40222-5186 |
| **Electronic copy provided to:** | Jalyn Hewitt |
| **Entity:** | RSCR California, Inc.<br>Entity ID Number  4017318 |
| **Entity Served:** | Rscr California, Inc. |
| **Title of Action:** | Socorro Saenz Ruiz vs. Rscr California, Inc. |
| **Matter Name/ID:** | Socorro Saenz Ruiz vs. Rscr California, Inc. (12010113) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22STCV04321 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 02/14/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Levin & Nalbandyan, LLP<br>213-232-4848 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2022 02:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV04321

# SUMMONS
## *(CITATION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

RSCR CALIFORNIA, INC., a California Corporation, and DOES 1 through 20, Inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SOCORRO SAENZ RUIZ, an individual,

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: Superior Court of Los Angeles *(El nombre y dirección de la corte es)*: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| Stanley Mosk Courthouse 111 North Hill Street Los Angeles, CA 90012 | 22STCV04321 |

The name, address, and telephone number of plaintiffs attorney, or plaintiff without an attorney, is:
*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

A. Jacob Nalbandyan Esq. | Vanoohi Torossian, Esq.
LEVIN & NALBANDYAN, LLP
811 Wilshire Blvd., Ste 800, Los Angeles, CA 90017
Phone (213)232-4848 Fax (213)232-4849

Sherri R. Carter Executive Officer / Clerk of Court

| DATE: *(Fecha)* | 02/03/2022 | Clerk, by *(Secretario)* | R. Clifton | , Deputy *(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* RSCR CALIFORNIA, INC., a California Corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Judicial Council of California SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov

| | | | |
|---|---|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | | Reserved for Clerk's File Stamp | |
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**02/03/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy | |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | | | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | | CASE NUMBER:<br>22STCV04321 | |

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Lawrence P. Riff | 51 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 02/03/2022
(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 **Superior Court of California, County of Los Angeles**

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR)
### INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name):   FAX NO. (Optional): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lacourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at **www.lacourt.org** under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

*(INSERT DATE)* *(INSERT DATE)*

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

_____    ➢   _____
        (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Print        Save        Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:
_____          ➢  _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

[ Print ]   [ Save ]                                              [ Clear ]

LACIV 036 (new)
LASC Approved 04/11          **STIPULATION – DISCOVERY RESOLUTION**          Page 3 of 3
For Optional Use

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** <br> (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):    FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least ____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| General Order Re | ) | ORDER PURSUANT TO CCP 1054(a), |
| Use of Voluntary Efficient Litigation | ) | EXTENDING TIME TO RESPOND BY |
| Stipulations | ) | 30 DAYS WHEN PARTIES AGREE |
| | ) | TO EARLY ORGANIZATIONAL |
| | ) | MEETING STIPULATION |
| | ) | |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

ORDER PURSUANT TO CCP 1054(a)

1   by Code of Civil Procedure section 1054(a) without further need of a specific court

2   order.

3

4   DATED: _May 11, 2011_      _Carolyn B. Kuhl_

5                          Carolyn B. Kuhl, Supervising Judge of the

6                          Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER PURSUANT TO CCP 1054(a)

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2022 02:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV04321

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| A. Jacob Nalbandyan, Esq. (SBN: 272023)<br>Vanoohi Torossian, Esq. (SBN: 328536)<br>LEVIN & NALBANDYAN, LLP<br>811 Wilshire Blvd, Suite 800, Los Angeles, CA 90017<br>　TELEPHONE NO.:(213) 232-4848　　FAX NO.:(213)232-4849<br>ATTORNEY FOR *(Name):*Socorro Saenz Ruiz | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
　STREET ADDRESS:111 North Hill Street
　MAILING ADDRESS:Same As Above
　CITY AND ZIP CODE:Los Angeles, CA 90012
　BRANCH NAME:Stanley Mosk Courthouse

CASE NAME:
Socorro Saenz Ruiz v. RSCR California, Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter　[ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV04321 |
| | | | | JUDGE: |
| | | | | DEPT: |

Items 1-5 below must be completed (see *instructions* on page 2).

1. Check **one** box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400-3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from<br>the above listed provisionally complex<br>case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Residential (32) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Fraud (16) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | [ ] Asset forfeiture (05) | [ ] Other petition (*not specified above*) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Petition re: arbitration award (11) | |
| **Employment** | [ ] Writ of mandate (02) | |
| [X] Wrongful termination (36) | [ ] Other judicial review (39) | |
| [ ] Other employment (15) | | |

2. This case [ ] is [X] is not　complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
　a. [ ] Large number of separately represented parties　　d. [ ] Large number of witnesses
　b. [ ] Extensive motion practice raising difficult or novel　　e. [ ] Coordination with related actions pending in one or more courts
　　　　issues that will be time-consuming to resolve　　　　　　in other counties, states, or countries, or in a federal court
　c. [ ] Substantial amount of documentary evidence　　f. [ ] Substantial post judgment judicial supervision

3. Type of remedies sought (*check all that apply*):
　a. [X] monetary　b. [X] non monetary; declaratory or injunctive relief　c. [X] punitive

4. Number of causes of action (*specify*):　Eleven (11)

5. This case [ ] is [X] is not　a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: 2/2/2022

A. Jacob Nalbandyan
_____
(TYPE OR PRINT NAME)　　　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
　under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
　in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all**
　other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400 - 3.403;<br>Standards of Judicial Administration, § 19 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. You do not need to submit a cover sheet with amended papers. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)-Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal
      Injury/Wrongful Death
  Product Liability (*not asbestos or toxic/environmental*) (24)
  Medical Malpractice (45)
    Medical Malpractice-
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      (*not medical or legal*)
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract (*not unlawful detainer or wrongful eviction*)
    Contract/Warranty Breach-Seller
      Plaintiff (*not fraud or negligence*)
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage (*not provisionally complex*) (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court Rules 3.400-3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgement (Out of County)
    Confession of Judgement (*non-domestic relations*)
    Sister State Judgment
    Administrative Agency Award
      (*not unpaid taxes*)
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint (*not specified above*) (42)
    Declaratory Relief Only
    Injunctive Relief Only (*non-harassment*)
    Mechanics Lien
    Other Commercial Complaint
      Case (*non-tort/non-complex*)
    Other Civil Complaint
      (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition (*not specified above*) (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

| SHORT TITLE: Socorro Saenz Ruiz v. RSCR California, Inc. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Socorro Saenz Ruiz v. RSCR California, Inc. | |

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Socorro Saenz Ruiz v. RSCR California, Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

| SHORT TITLE: Socorro Saenz Ruiz v. RSCR California, Inc. | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>1. ✓ 2.   3.   4.   5.   6.   7.   8.   9.   10.   11. | ADDRESS:<br>200 W Paramount Street |
|---|---|

| CITY:<br>Azusa | STATE:<br>CA | ZIP CODE:<br>91702 | |
|---|---|---|---|

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 2/2/2022

_(SIGNATURE OF ATTORNEY/FILING PARTY)_

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

Electronically FILED by Superior Court of California, County of Los Angeles on 02/03/2022 02:33 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
22STCV04321

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Lawrence Riff

A. Jacob Nalbandyan, Esq.  (SBN 272023)
jnalbandyan@LNtriallawyers.com
Vanoohi Torossian, Esq.  (SBN 328536)
vtorossian@LNtriallawyers.com
**Levin & Nalbandyan, LLP**
811 Wilshire Blvd, Suite 800
Los Angeles, CA  90017
Tel: (213) 232-4848
Fax: (213) 232-4849

Attorneys for Plaintiff,
SOCORRO SAENZ RUIZ

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES - CENTRAL DISTRICT

| | |
|---|---|
| SOCORRO SAENZ RUIZ, an individual, | Case No.: 22STCV04321 |
| Plaintiff, | 1. **FAILURE TO GRANT MEDICAL LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| vs. | 2. **FAILURE TO REINSTATE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| RSCR CALIFORNIA, INC., a California Corporation, and DOES 1 through 20, Inclusive, | 3. **DENIAL OF MEDICAL LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| Defendants. | 4. **RESTRAINT OF MEDICAL LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| | 5. **INTERFERENCE WITH MEDICAL LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT** |
| | 6. **DISCRIMINATION IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACTS** |
| | 7. **RETALIATION IN VIOLATION OF THE CALIFORNIA FAMILY** |

L&N File #: 5492

-1-

**COMPLAINT FOR DAMAGES**

|  | ) | RIGHTS ACT |
|--|---|--|

RIGHTS ACT
8.  ASSOCIATIONAL DISABILITY
    DISCRIMINATION IN
    VIOLATION OF THE FAIR
    EMPLOYMENT AND HOUSING
    ACT
9.  RETALIATION IN VIOLATION
    OF THE FAIR EMPLOYMENT
    AND HOUSING ACT
10. FAILURE TO PREVENT
    DISCRIMINATION AND
    RETALIATION IN VIOLATION
    OF THE FAIR EMPLOYMENT
    AND HOUSING ACT
11. WRONGFUL TERMINATION IN
    VIOLATION OF PUBLIC POLICY

**Demand for over $25,000**

**DEMAND FOR JURY TRIAL**

SOCORRO SAENZ RUIZ ("Plaintiff") is informed and believes, and alleges thereon, the following:

### PARTIES, VENUE, AND JURISDICTION

1.  Plaintiff, at all times relevant to this action, resided in Los Angeles County, California.

2.  Plaintiff is informed and believes, and thereon alleges RSCR CALIFORNIA, INC. ("Defendant") is a Delaware corporation with its principal place of business in Los Angeles County, California.

3.  Plaintiff is informed and believes, and thereon alleges that Defendant owns and operates a senior living center.

4.  The unlawful acts pleaded herein occurred in Los Angeles County, California.

5.  Venue is proper in Los Angeles County pursuant to California Government Code § 12965.

6.  Plaintiff is unaware of the true names and capacities of DOES 1 through 20, inclusive,

**COMPLAINT FOR DAMAGES**

1    and therefore sues these Defendants by their fictitious names. Plaintiff will amend this Complaint to

2    allege their true names and capacities when ascertained.

3         7.    At all times relevant to this action, each of the fictitiously named Defendants was an

4    employee, agent, servant, partner, member, shareholder, officer, director, co-conspirator, or alter ego

5    of Defendant, and was acting within the course and scope of such agency or employment.

6         8.    Each of the fictitiously named Defendants is responsible in some manner for the

7    occurrences herein alleged, and such defendants directly and proximately caused Plaintiffs' injuries as

8    herein alleged.

9         9.    Pursuant to CAL. GOV'T CODE §§ 12960, *et seq.*, Plaintiff filed a charge against

10   Defendant with the California Department of Fair Employment and Housing ("DFEH") on June 17,

11   2021, less than one year from the date of most recent actionable offense. On June 17, 2021,

12   Plaintiff received a Notice of Case Closure and Right to Sue Letter from the DFEH.

13

14                                    **FACTUAL ALLEGATIONS**

15        10.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

16   Complaint, as though fully set forth herein.

17        11.   Plaintiff began her employment with Defendant on or about June 5, 1997 at its Edgewood

18   Center facility as a Certified Nursing Assistant. Plaintiff was responsible for bathing, feeding, and caring

19   for patients at the facility.

20        12.   In or around mid-January 2021, Plaintiff learned that her 71-year-old brother fell in his

21   home and was subsequently diagnosed with a degenerative illness. Plaintiff required two weeks of

22   family leave to find a residential nursing home to place her brother in.

23        13.   Immediately after Plaintiff learned of her brother's illness, Plaintiff requested family

24   leave from February 19, 2021 to March 8, 2021 and explained her family emergency to her supervisor

25   and scheduling coordinator Abigail Gonzalez ("Ms. Gonzalez"). Ms. Gonzalez was responsible for

26   scheduling Plaintiff for work and Plaintiff's administrator, Danny Soto ("Mr. Soto") approved any leave

27   requests sent from Ms. Gonzalez.

28   ///

L&N File #: 5492                              -3-

**COMPLAINT FOR DAMAGES**

14.     On or about February 16, 2021, Ms. Gonzalez told Plaintiff that Mr. Soto did not approve her leave request due to short staffing caused by the COVID-19 pandemic and that she was scheduled to work on the days she requested leave.

15.     As a result, Plaintiff had no choice but to temporarily resign from her position so she could care for her brother. Plaintiff planned to re-apply to her position when she returned from Mexico.

16.     On or around February 18, 2021, Plaintiff attempted to call Mr. Soto to explain her situation but he did not answer. Plaintiff later delivered her resignation letter to Ms. Gonzalez explaining that since her days off were not approved she had to resign to take care of her brother. Ms. Gonzalez accepted Plaintiff's resignation letter and told Plaintiff to quarantine for two weeks after returning from Mexico and then she could re-apply to her position.

17.     On or around March 23, 2021, Plaintiff went to Defendant's facility in person to speak with Human Resources and re-applied to her job that same day.

18.     On or around March 24, 2021, Plaintiff went back to Defendant's facility to follow up on her application, but was told that Mr. Soto advised Human Resources not to re-hire her. Thus, Plaintiff's last day of work was February 16, 2021.

19.     Plaintiff was left embarrassed, ashamed, emotionally broken, and in financial desperation for having been directly discriminated against for being associated with her brother who had a disability and needing/requesting a family medical leave of absence to care for him, despite over 24 years of outstanding and loyal service to Defendant.

### FIRST CAUSE OF ACTION
### FAILURE TO GRANT MEDICAL LEAVE IN VIOLATION OF
### THE CALIFORNIA FAMILY RIGHTS ACT

20.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

21.     At all times relevant to this action, Plaintiff was employed by Defendant.

22.     At all times relevant to this action, Plaintiff needed family care and medical leave to care for her sibling who suffered from a serious health condition within the meaning of CAL. GOV'T

L&N File #: 5492

-4-

1    CODE §§ 12945.2(b)(12), 12945.2(b)(13), *et seq.*

2        23.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

3    that Defendant was an employer who regularly employed five or more persons within the meaning of

4    CAL. GOV'T CODE § 12945.2(b)(3)(A).

5        24.    At all times relevant to this action, Plaintiff had more than 12 months of service with

6    Defendant and had worked at least 1,250 hours for Defendant during the previous 12 months, and had

7    taken less than 12 weeks of medical leave the past 12 month period within the meaning of CAL. GOV'T

8    CODE §12945.2(a).

9        25.    Defendant unlawfully refused to grant Plaintiff's right to family care and medical leave

10   for Plaintiff's sibling's serious health condition in violation of CAL. GOV'T CODE §§ 12945.2(a).

11   Instead, Defendant terminated Plaintiff.

12       26.    Defendant was substantially motivated to terminate Plaintiff because of her sibling's

13   serious health condition and need for family care and medical leave to care for her sibling.

14       27.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

15   continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

16   unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

17   have been diminished. The exact amount of such expenses and losses is presently unknown, and

18   Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

19   ascertained.

20       28.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

21   damages, as she was psychologically injured. Such injuries have caused, and continue to cause

22   Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

23       29.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

24   in the future, will be required to employ physicians and incur additional medical and incidental

25   expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

26   leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

27       30.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

28   directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful



**COMPLAINT FOR DAMAGES**

1 | acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and
2 | conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the
3 | fact that Plaintiff's employment rights were being violated, with the intent to deprive her of
4 | employment benefits. Accordingly, an award of punitive damages is warranted.

5 |        31.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's
6 | employees, officers, directors, and/or managing agents were undertaken with the prior approval,
7 | consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by
8 | and through its officers, directors, and/or managing agents.

9 |

10 | ## SECOND CAUSE OF ACTION

11 | ### FAILURE TO REINSTATE IN VIOLATION OF

12 | ### THE CALIFORNIA FAMILY RIGHTS ACT

13 |        32.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this
14 | Complaint as though fully set forth herein.

15 |        33.     At all times relevant to this action, Plaintiff was employed by Defendant.

16 |        34.     At all times relevant to this action, Plaintiff needed family care and medical leave to
17 | care for her sibling who suffered from a serious health condition within the meaning of GOV'T CODE
18 | §§ 12945.2(b)(12), 12945.2(b)(13), *et seq.*

19 |        35.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges
20 | that Defendant was an employer who regularly employed five or more persons within the meaning of
21 | CAL. GOV'T CODE § 12945.2(b)(3)(A).

22 |        36.     At all times relevant to this action, Plaintiff had more than 12 months of service with
23 | Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had
24 | taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §
25 | 12945.2(a).

26 |        37.     Defendant unlawfully failed to reinstate Plaintiff back to her position or a comparable
27 | one after Plaintiff attempted to return to work after her family care and medical leave of absence due
28 | to her sibling's serious health condition in violation of CAL. GOV'T CODE §§ 12945.2(a) and

1 | 12945.2(k).

2 | 38. Defendant's decision to not reinstate Plaintiff was substantially motivated by Plaintiff's

3 | sibling's serious health condition and need for family care and medical leave of absence.

4 | 39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

5 | continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

6 | unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

7 | have been diminished. The exact amount of such expenses and losses is presently unknown, and

8 | Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

9 | ascertained.

10 | 40. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

11 | damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

12 | great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

13 | 41. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

14 | the future, will be required to employ physicians and incur additional medical and incidental expenses.

15 | The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to

16 | amend this Complaint to set forth the exact amount when it has been ascertained.

17 | 42. Plaintiff is informed and believes, and thereon alleges that the employees, officers,

18 | directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

19 | were carried out with full knowledge of the extreme risk of injury involved, and with willful and

20 | conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

21 | fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

22 | benefits. Accordingly, an award of punitive damages is warranted.

23 | 43. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

24 | employees, officers, directors, and/or managing agents were undertaken with the prior approval,

25 | consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

26 | and through its officers, directors, and/or managing agents.

27 | ///

28 | ///

**COMPLAINT FOR DAMAGES**

## THIRD CAUSE OF ACTION

## DENIAL OF MEDICAL LEAVE IN VIOLATION OF

## THE CALIFORNIA FAMILY RIGHTS ACT

44.　Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

45.　At all times relevant to this action, Plaintiff was employed by Defendant.

46.　At all times relevant to this action, Plaintiff needed family care and medical leave to care for her sibling who suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(b)(12), 12945.2(b)(13), *et seq.*

47.　At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE § 12945.2(b)(3)(a).

48.　At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE § 12945.2(a).

49.　Defendant unlawfully denied Plaintiff's right to a family care and medical leave of absence for her sibling's serious health condition by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a) and 12945.2(q).

50.　Defendant's decision to terminate Plaintiff was substantially motivated by Plaintiff's sibling's serious health condition and her right to family care and medical leave of absence.

51.　As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

///



L&N File #: 5492

-8-

52.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

53.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

54.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

55.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.



## FOURTH CAUSE OF ACTION

### INTERFERENCE WITH MEDICAL LEAVE IN VIOLATION OF

### THE CALIFORNIA FAMILY RIGHTS ACT

56.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

57.     At all times relevant to this action, Plaintiff was employed by Defendant.

58.     At all times relevant to this action, Plaintiff needed family care and medical leave to care for her sibling who suffered from a serious health condition within the meaning of GOV'T CODE §§ 12945.2(b)(12), 12945.2(b)(13), *et seq.*

59.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

1  that Defendant was an employer who regularly employed five or more persons within the meaning of

2  CAL. GOV'T CODE § 12945.2(b)(3)(A).

3        60.    At all times relevant to this action, Plaintiff had more than 12 months of service with

4  Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had

5  taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE

6  §12945.2(a).

7        61.    Defendant unlawfully interfered with Plaintiff's right to a family care and medical leave

8  of absence because of her sibling's serious health condition by terminating her in violation of CAL.

9  GOV'T CODE § 12945.2(a) and 12945.2(q).

10        62.    Defendant's decision to terminate Plaintiff was substantially motivated by Plaintiff's

11  sibling's serious health condition and right to a family care and medical leave of absence.

12        63.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

13  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

14  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

15  have been diminished. The exact amount of such expenses and losses is presently unknown, and

16  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

17  ascertained.

18        64.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

19  damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff

20  great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

21        65.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in

22  the future, will be required to employ physicians and incur additional medical and incidental expenses.

23  The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to

24  amend this Complaint to set forth the exact amount when it has been ascertained.

25        66.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

26  directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts

27  were carried out with full knowledge of the extreme risk of injury involved, and with willful and

28  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

1  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

2  benefits. Accordingly, an award of punitive damages is warranted.

3       67.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

4  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

5  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

6  and through its officers, directors, and/or managing agents.

7

8  **FIFTH CAUSE OF ACTION**

9  **RESTRAINT OF MEDICAL LEAVE IN VIOLATION OF**

10  **THE CALIFORNIA FAMILY RIGHTS ACT**

11       68.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this

12  Complaint as though fully set forth herein.

13       69.    At all times relevant to this action, Plaintiff was employed by Defendant.

14       70.    At all times relevant to this action, Plaintiff needed family care and medical leave to

15  care for her sibling who suffered from a serious health condition within the meaning of CAL. GOV'T

16  CODE §§ 12945.2(b)(12), 12945.2(b)(13), *et seq.*

17       71.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

18  that Defendant was an employer who regularly employed five or more persons within the meaning of

19  CAL. GOV'T CODE § 12945.2(b)(3)(A).

20       72.    At all times relevant to this action, Plaintiff had more than 12 months of service with

21  Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had

22  taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE

23  §12945.2(a).

24       73.    Defendant unlawfully restrained Plaintiff's right to family care and medical leave of

25  absence because of her sibling's serious health condition by terminating her in violation of CAL.

26  GOV'T CODE §§ 12945.2(a) and 12945.2(q).

27       74.    Defendant's decision to terminate Plaintiff was substantially motivated by Plaintiff's

28  sibling's serious health condition and right to family care and medical leave of absence.

75.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

76.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

77.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

78.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

79.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## SIXTH CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF

## THE CALIFORNIA FAMILY RIGHTS ACT

80.    Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

81.    At all times relevant to this action, Plaintiff was employed by Defendant.

82.    At all times relevant to this action, Plaintiff needed family care and medical leave to care for her sibling who suffered from a serious health condition within the meaning of CAL. GOV'T CODE §§ 12945.2(b)(12) and 12945.2(b)(13), *et seq.*

83.    At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges that Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12945.2(b)(3)(A).

84.    At all times relevant to this action, Plaintiff had more than 12 months of service with Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE §12945.2(a).

85.    Defendant unlawfully discriminated against Plaintiff because of her sibling's serious health condition and right to family care and medical leave of absence by terminating her in violation of CAL. GOV'T CODE §§ 12945.2(a) and 12945.2(q).

86.    Defendant's decision to terminate Plaintiff was substantially motivated by her sibling's serious health condition and right to family care and medical leave of absence, as previously pled herein.

87.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her  ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.



**COMPLAINT FOR DAMAGES**

88.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

89.     As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

90.     Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

91.     Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.



## SEVENTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### THE CALIFORNIA FAMILY RIGHTS ACT

92.     Plaintiff incorporates, by reference, all allegations in the foregoing paragraphs of this Complaint as though fully set forth herein.

93.     At all times relevant to this action, Plaintiff was employed by Defendant.

94.     At all times relevant to this action, Plaintiff needed family care and medical leave because her sibling suffered from a serious health condition within the meaning of CAL. GOV'T CODE §§ 12945.2(b)(12), 12945.2(b)(13), *et seq*.

95.     At all times relevant to this action, Plaintiff is informed, believes, and thereon alleges

1 | that Defendant was an employer who regularly employed five or more persons within the meaning of
2 | CAL. GOV'T CODE §12945.2(b)(3)(A).

3 |     96.    At all times relevant to this action, Plaintiff had more than 12 months of service with
4 | Defendant, had worked at least 1,250 hours for Defendant during the previous 12 months, and had
5 | taken less than 12 weeks of leave the past 12 month period within the meaning of CAL. GOV'T CODE
6 | §12945.2(a).

7 |     97.    Defendant unlawfully retaliated against Plaintiff because of her sibling's serious health
8 | condition and need for family care and medical leave of absence by terminating her in violation of
9 | CAL. GOV'T CODE §§ 12945.2(a), 12945.2(k), and 12945.2 (q).

10 |     98.    Defendant's decision to terminate Plaintiff was substantially motivated by her sibling's
11 | serious health condition and right to family care and medical leave of absence, as previously pled
12 | herein.

13 |     99.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and
14 | continues to suffer losses in earnings and other benefits, and will for a period of time in the future be
15 | unable to obtain gainful employment, as her ability to obtain such employment and earning capacity
16 | have been diminished. The exact amount of such expenses and losses is presently unknown, and
17 | Plaintiff will seek leave of court to amend this complaint to set forth the exact amount when it is
18 | ascertained.

19 |     100.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general
20 | damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff
21 | great mental pain and suffering, in an amount in excess of this court's minimal jurisdiction.

22 |     101.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in
23 | the future, will be required to employ physicians and incur additional medical and incidental expenses.
24 | The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of Court to
25 | amend this Complaint to set forth the exact amount when it has been ascertained.

26 |     102.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,
27 | directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts
28 | were carried out with full knowledge of the extreme risk of injury involved, and with willful and

**COMPLAINT FOR DAMAGES**

1  conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

2  fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment

3  benefits. Accordingly, an award of punitive damages is warranted.

4       103.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

5  employees, officers, directors, and/or managing agents were undertaken with the prior approval,

6  consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

7  and through its officers, directors, and/or managing agents.

8

9  **EIGHTH CAUSE OF ACTION**

10  **ASSOCIATIONAL DISABILITY DISCRIMINATION IN VIOLATION OF**

11  **THE FAIR EMPLOYMENT AND HOUSING ACT**

12       104.   Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

13  Complaint, as though fully set forth herein.

14       105.   At all times relevant to this action, Plaintiff was employed by Defendant.

15       106.   At all times relevant to this action, Defendant was an employer who regularly

16  employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

17       107.   At all times relevant to this action, Plaintiff was a member of a protected class within

18  the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(o) because of her association with her

19  sibling with a disability, perceived disability, and/or history of disability.

20       108.   At all times relevant to this action, Defendant was substantially motivated, in part, to

21  terminate Plaintiff because of her association with her sibling with a disability, perceived disability,

22  and/or history of disability, as previously pled herein.

23       109.   Defendant was substantially motivated to terminate Plaintiff because of her association

24  with her sibling with a disability, perceived disability, and/or history of disability.

25       110.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

26  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

27  unable to obtain gainful employment, as her ability to obtain such employment and earning capacity

28  have been diminished. The exact amount of such expenses and losses is presently unknown, and

-16-

1 | Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is
2 | ascertained.

3 |     111.    As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

4 | damages, as she was psychologically injured. Such injuries have caused, and continue to cause

5 | Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

6 |     112.    As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

7 | in the future, will be required to employ physicians and incur additional medical and incidental

8 | expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

9 | leave of Court to amend this Complaint to set forth the exact amount when it has been ascertained.

10 |     113.    Plaintiff is informed and believes, and thereon alleges that the employees, officers,

11 | directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful

12 | acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and

13 | conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the

14 | fact that Plaintiff's employment rights were being violated, with the intent to deprive her of

15 | employment benefits. Accordingly, an award of punitive damages is warranted.

16 |     114.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's

17 | employees, officers, directors, and/or managing agents were undertaken with the prior approval,

18 | consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by

19 | and through its officers, directors, and/or managing agents.

20 |

## NINTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF

### THE FAIR EMPLOYMENT AND HOUSING ACT

24 |     115.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this

25 | Complaint, as though fully set forth herein.

26 |     116.    At all times relevant to this action, Plaintiff was employed by Defendant.

27 |     117.    At all times relevant to this action, CAL. GOV'T CODE §12900 *et seq.* were in full force

28 | and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain

**COMPLAINT FOR DAMAGES**

1  from discriminating and retaliating against any employee on the basis of associating with a person

2  with a disability, being regarded as disabled, and/or history of disability, a need for family care and

3  medical leave of absence, and opposition to conduct related thereto

4       118.   Defendant engaged in conduct that taken as a whole, materially and adversely affected

5  the terms and conditions of Plaintiff's employment.

6       119.   Plaintiff's assertion of her rights under CAL. GOV'T CODE §12900 *et seq.* and

7  opposition to unlawful conduct was a substantial motivating reason for Defendant's decision to

8  retaliate against and terminate her. Defendant's conduct was a substantial factor in causing harm to

9  Plaintiff as set forth herein.

10       120.   At all times relevant to this action, Defendant unlawfully retaliated against Plaintiff, in

11  violation of CAL. GOV'T CODE §§ 12940(h) and 12940(m)(2), by terminating her.

12       121.   Defendant's retaliatory termination of Plaintiff's employment was substantially

13  motivated by her association with her sibling with a disability, regarded as disabled, and/or history of

14  disability, her need for family care and medical leave of absence, and opposition to Defendant's

15  conduct related thereto, as previously pled herein.

16       122.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and

17  continues to suffer losses in earnings and other benefits, and will for a period of time in the future be

18  unable to obtain gainful employment, as her  ability to obtain such employment and earning capacity

19  have been diminished. The exact amount of such expenses and losses is presently unknown, and

20  Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is

21  ascertained.

22       123.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general

23  damages, as she was psychologically injured. Such injuries have caused, and continue to cause

24  Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

25       124.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time

26  in the future, will be required to employ physicians and incur additional medical and incidental

27  expenses.  The exact amount of such expenses is presently unknown to Plaintiff and she will seek

28  leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

**COMPLAINT FOR DAMAGES**

125.    Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

126.    Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

## TENTH CAUSE OF ACTION

## FAILURE TO PREVENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT



127.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

128.    At all times relevant to this action, Plaintiff was employed by Defendant.

129.    At all times relevant to this action, Defendant was an employer who regularly employed five or more persons within the meaning of CAL. GOV'T CODE §12926(d).

130.    At all times relevant to this action, Plaintiff was a member of a protected class within the meaning of CAL. GOV'T CODE §§ 12940(a) and 12926(o) because of because of her association with her sibling with a disability, perceived disability, and/or history of disability.

131.    At all times relevant to this action, Defendant unlawfully discriminated and retaliated against Plaintiff, as previously alleged, on the basis of her association with her sibling with a disability, being regarded as disabled, and/or history of disability, by terminating her employment.

132.    Defendant was substantially motivated to terminate Plaintiff on the basis of her association with her sibling with a disability, being regarded as disabled, and/or history of disability, as previously pled herein.

133.   Defendant failed to take reasonable steps to prevent the unlawful discrimination and retaliation during Plaintiff's employment, as previously pled, in violation of CAL. GOV'T CODE §12940(k), even when management level employees of Defendant became aware of the discriminatory conduct. Instead, Defendant terminated Plaintiff in bad faith.

134.   As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

135.   As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

136.   As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

137.   Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

138.   Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///

**COMPLAINT FOR DAMAGES**

## ELEVENTH CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

139.    Plaintiff incorporates, by reference, all allegations in the above paragraphs of this Complaint, as though fully set forth herein.

140.    At all times relevant to this action, Plaintiff was employed by Defendant.

141.    At all times relevant to this action, CAL. GOV'T CODE § 12900 *et seq.* were in full force and effect and were binding upon Defendant. These sections, *inter alia*, require Defendant to refrain from discriminating and retaliating against and terminating any employee on the basis of their association with a person with a disability, regarded as disabled, history of disability, serious health condition, need for family care and medical leaves of absence, and opposition to related conduct, as previously pled herein.

142.    Defendant's conduct as previously alleged was in retaliation for Plaintiff's assertion of her rights under CAL. GOV'T CODE §§ 12900 *et seq.*

143.    Plaintiff's assertion of her rights under CAL. GOV'T CODE §§12900 *et seq.* was a substantial motivating reason for Defendant's decision to terminate Plaintiff. Defendant's conduct was a substantial factor in causing harm to Plaintiff as set forth herein.

144.    CAL. GOV'T CODE §§ 12900 *et seq.* evinces a policy that benefits society at large, was well-established at the time of Plaintiff's discharge, and is substantial and fundamental.

145.    Defendant's wrongful termination of Plaintiff's employment was substantially motivated by her association with her sibling with a disability, regarded as disabled, history of disability, serious health condition, need for family care and medical leaves of absence, and opposition to related conduct.

146.    As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer losses in earnings and other benefits, and will for a period of time in the future be unable to obtain gainful employment, as her ability to obtain such employment and earning capacity have been diminished. The exact amount of such expenses and losses is presently unknown, and Plaintiff will seek leave of court to amend this Complaint to set forth the exact amount when it is ascertained.

147. As a direct and proximate result of Defendant's conduct, Plaintiff suffered general damages, as she was psychologically injured. Such injuries have caused, and continue to cause Plaintiff great mental pain and suffering, in an amount in excess of this Court's minimal jurisdiction.

148. As a direct and proximate result of Defendant's conduct, Plaintiff, for a period of time in the future, will be required to employ physicians and incur additional medical and incidental expenses. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

149. Plaintiff is informed and believes, and thereon alleges that the employees, officers, directors, and/or managing agents of Defendant acted with malice and oppression, as their unlawful acts were carried out with full knowledge of the extreme risk of injury involved, and with willful and conscious disregard for Plaintiff's rights. They also acted fraudulently, as they willfully concealed the fact that Plaintiff's employment rights were being violated, with the intent to deprive her of employment benefits. Accordingly, an award of punitive damages is warranted.

150. Plaintiff is informed, and believes and thereon alleges that the actions of Defendant's employees, officers, directors, and/or managing agents were undertaken with the prior approval, consent, and authorization of Defendant and were subsequently authorized and ratified by it as well by and through its officers, directors, and/or managing agents.

///
///
///
///
///
///
///
///
///
///
///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SOCORRO SAENZ RUIZ, prays for judgment against Defendant RSCR CALIFORNIA, INC., and DOES 1 through 20, as follows:

1. Past and future economic and non-economic damages according to proof;
2. Pre-judgment interest, post-judgment interest, costs of suit and attorney's fees according to proof;
3. Injunctive relief compelling Defendant to reinstate Plaintiff to her previous position, prohibiting Defendant from engaging in similar unlawful conduct as complained of herein, and ordering Defendant to establish effective preventive mechanisms to ensure that the conduct complained of herein does not continue in the future;
4. Declaratory relief that Defendant's conduct as complained of herein was a violation of Plaintiff's rights;
5. Punitive damages; and
6. All other relief that the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all claims as provided by California law.

Dated: February 2, 2022

**LEVIN & NALBANDYAN, LLP**

By: _____
A. Jacob Nalbandyan, Esq.
Vanoohi Torossian, Esq.
Attorneys for Plaintiff,
SOCORRO SAENZ RUIZ

L&N File #: 5492

-23-

**COMPLAINT FOR DAMAGES**